

RECEIVED
OFFICE OF THE CLERK
U.S. COURT OF APPEALS
2012 SEP 27 PM 3:44
FILED
DOCKETED ____ ____
DATE   INITIAL

# No. 12-71696

## IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

### IN RE U.S. PHILIPS CORPORATION, a Delaware Corporation,

Petitioner,

v.

### U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

Respondent,

---

### KBC BANK, N.V.,

Real Party-In-Interest.

---

### REAL PARTY IN INTEREST KBC BANK, N.V.'S RESPONSE TO U.S. PHILIPS CORPORATION PETITION FOR WRIT OF MANDAMUS PURSUANT TO 28 U.S.C. § 1651(a)

---

U.S. District Court, Central District of California, No. 2:05-cv-08953-R-PLA
Honorable Manuel L. Real

---

Amir Shlesinger
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone:   +1 213 457 8000
Facsimile:    +1 213 457 8080

James M. Andriola
Efrat Menachemi
REED SMITH LLP
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Telephone:   212.521.5400
Facsimile:    212.521.5450

Attorneys for Real Party in Interest
*KBC Bank, N.V.*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Circuit Rule 21.3, the undersigned counsel for Real Party in Interest KBC Bank, N.V. certifies that KBC Group NV is the parent corporation of KBC Bank, N.V., and owns 10% or more of its stock.

Dated: September 27, 2012

REED SMITH LLP

By /s/ *James M. Andriola*

James M. Andriola
Attorneys for Real Party in Interest
*KBC Bank N.V.*

# TABLE OF CONTENTS

Page

I . INTRODUCTION AND SUMMARY OF ARGUMENT..................... 1

II . FACTUAL AND PROCEDURAL BACKGROUND........................ 5

    A. The Loan Agreement, KBC Bank's Contractual Right of Set Off and
       KXD Digital's Indebtedness to KBC Bank ...............................5

    B. The Temporary Restraining Order, the Preliminary Injunction, the
       Subpoenas and the Lack of Any Enforcement Efforts by Philips......6

    C. KBC Bank's Motion to Modify, Philips' Motion for Reconsideration and
       This Court's Initial Ruling ...............................................8

    D. Philips' Contempt Motion and This Court's Second Ruling.......... 10

    E. Subsequent Developments Before the District Court and KBC Bank's
       Motion to Discontinue Based on Lack of Subject Matter Jurisdiction 12

III . ARGUMENT ................................................................. 14

    A. Philips' Petition Should Be Summarily Dismissed Because the District
       Court's Determination That It Lacks Subject Matter Jurisdiction Has
       Become Final and Is No Longer Subject to Appellate Review....... 14

    B. If Not Summarily Dismissed, Philips' Petition Should Be Denied .. 16

       1.   The District Court Did Not Err In Granting KBC Bank's
           Motion To Discontinue Any Further Proceedings Concerning
           Funds Transferred To KBC Bank Between August 1, 2007 And
           September 17, 2007 ......................................... 18

           a.   Because A Justiciable Case Or Controversy No Longer
              Exists, The District Court Correctly Determined That It
              Could Not Continue To Exercise Subject Matter
              Jurisdiction Over These Proceedings................ 19

           b.   KBC Bank Submits That, Contrary To Phillips'
              Arguments, This Court's Rulings Did Not Create Or
              Extend A Case Or Controversy ...................... 20

i

c.    Philips' Motion for Contempt has Been Terminated And, As Philips Has Previously Acknowledged, It May Not Seek To Recover Funds Through A Contempt Proceeding ..................................................................... 24

2.    Each Of The Applicable Factors Weighs Heavily Against Mandamus Relief............................................................. 26

C.  Judicial Reassignment Is Not Warranted ............................... 29

D.  Philips' Petition Grossly Misstates Certain Developments Before The District Court................................................................. 29

IV .  CONCLUSION.......................................................................... 31

# TABLE OF AUTHORITIES

**Page**

## Cases

*Anderson v. McLaughlin*,
263 F.2d 723 (9th Cir. 1959)........................................................15

*Arbaugh v. Y&H Corp.*,
546 U.S. 500, 126 S. Ct. 1235 (2006)...............................................19

*Askew v. United States District Court for the Central District of California*,
527 F.2d 469 (9th Cir. 1975)..................................................... 1, 15

*Bauman v. United States Dist. Court*,
557 F.2d 650 (9th Cir. 1977)...................................................... 4, 27

*Browder v. Dir., Dep't of Corrs.*,
434 U.S. 257 (1978) ................................................................15

*D'Lil v. Best W. Encina Lodge & Suites*,
538 F.3d 1031 (9th Cir. 2008) .....................................................20

*DeFunis v. Odegaard*,
416 U.S. 312 (1974) ................................................................18

*Ellis v. U.S. Dist. Court for W. Dist. of Washington (Tacoma)*,
360 F.3d 1022 (9th Cir. 2004) .....................................................15

*Gardias v. San Jose State University*,
2007 WL 2900357 (N.D. Cal. Oct. 3, 2007).......................................12

*Gator.com Corp. v. L.L. Bean, Inc.*,
398 F.3d 1125 (9th Cir. 2005) ..................................................... 2, 18

*Hilao v. Estate of Marcos*,
95 F.3d 848 (9th Cir. 1996) .....................................................22, 23

*In re Ellis*,
356 F.3d 1198 (9th Cir. 2004) ...................................................... 4

*In re Grand Jury Investigation*,
182 F.3d 668 (9th Cir. 1999).......................................................17

*In re James*,
940 F.2d 46 (3d Cir. 1991).........................................................20

*In re Knight*,
207 F.3d 1115 (9th Cir. 2000) ..................................................... 1, 16

*In re Martinez*,
721 F.2d 262 (9th Cir. 1983)..................................................19

*In re Pacific Pictures Corp.*,
679 F.3d 1121 (9th Cir. 2012) .......................................... 2, 17

*In re Van Dusen*,
654 F.3d 838 (9th Cir. 2011)............................................ 2, 17

*Iron Arrow Honor Soc'y v. Heckler*,
464 U.S. 67 (1983)............................................................ 2, 18

*Leeson v. Transamerica Disability Income Plan*,
No. 10–35380, 2012 WL 171598 (9th Cir. Jan. 23, 2012) .......................19

*Louen v. Twedt*,
No. CV-F-04-6556, 2006 WL 2320564 (E.D. Cal. Aug. 10, 2006) .............15

*Malone v. Calderon*,
165 F.3d 1234 (9th Cir. 1999) .........................................16

*Perry v. Schwarzenegger*,
602 F.3d 976 (9th Cir. 2010)...........................................28

*Richmark Corp. v. Timber Falling Consultants*,
959 F.2d 1468 (9th Cir. 1992) ........................................25

*Shuffler v. Heritage Bank*,
720 F.2d 1141 (9th Cir. 1983) ...................................... 3, 25

*U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*,
190 F.3d 963 (9th Cir. 1999)........................................16, 18

*U.S. Philips Corp. v. KBC Bank, N.V.*,
590 F.3d 1091 (9th Cir. 2010) ................................... passim

*U.S. Philips Corp. v. KBC Bank, N.V.*,
2012 WL 112264, at *1 (9th Cir. Jan 13, 2012) ............................ passim

*U.S. v. Oba*,
317 F. App'x 698 (9th Cir. 2009) ................................. 4, 29

*U.S. v. Pacific Ship Repair & Fabricators, Inc.*,
979 F.2d 856, 1992 WL 337738 (9th Cir. 1992) .............................. 4, 27

*Veira v. Woodford*,
258 F. App'x 924 (9th Cir. 2007) ..................................12

*Vizcaino v. U.S. Dist. Court of W. Dist. Of Washington*,
173 F.3d 713 (9th Cir. 1999)............................................................28

*Ward v. Empire Vision Centers, Inc.*,
262 F.R.D. 256 (W.D.N.Y. 2009)...................................................12

*Whaley v. Belleque*,
520 F.3d 997 (9th Cir. 2008)..........................................................26

*Zambrano v. Immigration & Naturalization Serv.*,
282 F.3d 1145 (9th Cir. 2002) ........................................................16

## STATUTES

Cal. Civ. Proc. Code § 684.110(a) .................................................30

Cal. Civ. Proc. Code § 684.110(c) .................................................30

U.S. Const. art. III, § 2................................................................. 2, 18

## RULES

Fed. R. App. P. 3(a)(1).................................................................15

Fed. R. App. P. 4(a)(1)(A)............................................................15

Fed. R. Civ. P. 33 .......................................................................12

Fed. R. Civ. P. 34 .......................................................................12

Fed. R. Civ. P. 36 .......................................................................12

## OTHER AUTHORITIES

4 C.J.S. *Appeal & Error* § 170 (2012) .........................................15

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Real Party in Interest KBC BANK, N.V. ("KBC Bank") [1], a non-party to the underlying lawsuit, hereby submits this Response to the Petition for Writ of Mandamus ("Philips' Petition") filed by Plaintiff US Philips Corporation ("Philips"). Philips' Petition should be summarily dismissed and/or denied in its entirety for the following reasons:

1.    By an Order entered on May 11, 2012 (and the decision of record incorporated therein), the District Court determined that it lacked subject matter jurisdiction under Article III of the Constitution because there was no existing case or controversy between Phillips and the non-party KBC Bank. Although this order was appealable, Philips did not file a notice of appeal and "extraordinary writs cannot be used as substitutes for appeal." *Askew v. United States District Court for the Central District of California*, 527 F.2d 469, 470-71 (9th Cir. 1975). Where, as here, a district court holds that it lacks subject matter jurisdiction over a case and that decision has not been appealed, a court of appeals "must accept [such a finding] as given." *In re Knight*, 207 F.3d 1115, 1117 (9th Cir. 2000). Thus, without subject matter jurisdiction, KBC Bank submits that this Court has no choice but to summarily dismiss Philips' Petition.

---

[1] Where such distinctions are necessary, KBC Bank's Singapore Branch is referred to hereinafter as "KBC Singapore," and the offices and branches of KBC Bank located in the United States are referred to hereinafter as "KBC US."

1

2. "[M]andamus is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes. Only exceptional circumstances amounting to a judicial usurpation of power, or a clear abuse of discretion will justify the invocation of this ... remedy." *In re Van Dusen*, 654 F.3d 838 (9th Cir. 2011) (internal citations omitted). *See also In re Pacific Pictures Corp.*, 679 F.3d 1121 (9th Cir. 2012) ("A party seeking the writ has the burden of showing that [his] right to the issuance of the writ is clear and indisputable."). Philips has not come close to meeting its burden. The record is devoid of any "extraordinary" or "exceptional" causes or circumstances. Rather, the decision at issue was an elementary decision by the District Court that it lacked subject matter jurisdiction over a purported dispute between private litigants (an everyday occurrence in the federal district court system and not remotely a "judicial usurpation of power").

3. Article III of the United States Constitution grants federal courts jurisdiction to decide only actual "cases" or "controversies." *See* U.S. Const. art. III, § 2; *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128 (9th Cir. 2005). Even when an actual case or controversy had at one time existed, the case must be dismissed for lack of subject matter jurisdiction if it is rendered moot during the course of the litigation. *See Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983). The District Court correctly determined

that, because: (i) the single motion filed by KBC Bank in March 2008 was rendered void *ab initio* by this Court's 2010 Opinion and was then, for the sake of clarity, formally withdrawn by KBC Bank; (ii) Philips' Motion for Contempt was fully resolved by this Court's 2012 Opinion affirming the District Court's denial of said motion; and (iii) there were no pending motions or proceedings brought by Philips which concern KBC Bank or the subject funds, there was no longer a justiciable "case" or "controversy" presented in this matter.

4. Philips has misconstrued the two previous rulings from this Court to assert that the District Court was required to conduct an evidentiary hearing, regardless of the posture of the case. As demonstrated herein, such an evidentiary hearing could only "arise in the course of a proceeding brought by the parties to adjudicate explicitly their claims to the funds." *U.S. Philips Corp. v. KBC Bank, N.V.*, 590 F.3d 1091 (9th Cir. 2010) (the "2010 Opinion") (Dkt. No. 453). At no point after this Court rendered its 2010 Opinion, which nullified its single motion in this case, has KBC Bank brought any proceeding to explicitly adjudicate its right to the funds. In addition, Philips is not permitted, as a matter of law, to adjudicate any rights that it may claim to the funds through its (now terminated) contempt proceeding. *See Shuffler v. Heritage Bank*, 720 F.2d 1141, 1147 (9th Cir. 1983). Not only has Philips failed to commence any proceeding to properly adjudicate its alleged right to the funds, it never even

- 3 -

attempted to enforce its, now five-year-old, judgment in connection with these funds.

5.      Given Philips' concession that it had the option of taking a direct appeal – but chose not to for its own convenience – the factors articulated in *Bauman v. United States Dist. Court*, 557 F.2d 650, 654-55 (9th Cir. 1977), weigh heavily against mandamus relief. *See U.S. v. Pacific Ship Repair & Fabricators, Inc.*, 979 F.2d 856, 1992 WL 337738, at *3 (9th Cir. 1992) ("We find no authority permitting a party to challenge, by way of mandamus, an order that could have been appealed but was not. None of the Bauman factors justifies mandamus relief in cases such as this.").

6.      For the reasons stated above, KBC Bank submits that Philips' Petition should be dismissed in its entirety. If, however, the case is remanded to the District Court, Philips has failed to articulate a basis upon which the case should be reassigned. *See, e.g., U.S. v. Oba*, 317 F. App'x 698 (9th Cir. 2009) (citing *In re Ellis*, 356 F.3d 1198, 1211 (9th Cir. 2004)).

7.      Philips' Petition makes a number of grossly misleading statements concerning the events before the District Court. Notwithstanding Philips' false accusations to the contrary, KBC Bank timely served its responses and objections to Philips' discovery and KBC Bank filed a motion seeking a protective order concerning Philips' improper and overly-broad discovery

requests. (Dkt. No. 480). And, the District Court ruled that, based on the lack of subject matter jurisdiction, "KBC Bank, N.V. is under no obligation to respond to the discovery propounded by U.S. Philips Corporation." (Dkt. No. 503). Finally, this Court should disregard Philips' absurd argument that KBC Bank is in "default" for not submitting a pre-hearing brief in advance of a hearing that the District Court determined it was powerless to conduct.

## II. FACTUAL AND PROCEDURAL BACKGROUND
**A.    The Loan Agreement, KBC Bank's Contractual Right of Set Off and KXD Digital's Indebtedness to KBC Bank**

On or about October 23, 2006, KXD Digital Entertainment Ltd. ("KXD Digital") and KBC Singapore entered into a Loan Agreement in Relation to a Trade Receivables Facility of up to US $12,000,000 (the "Loan Agreement"). (Dkt. No. 396, ¶ 2, Ex. A). The Loan Agreement required KXD Digital to maintain a deposit account with KBC Bank (the "KXD Account") and further provided that KBC Bank "may set off or transfer any sum standing to the credit of any such accounts . . ." (Dkt. No. 396, ¶ 3). As of August 1, 2007, KXD Digital had become indebted to KBC Bank, under the Loan Agreement, in the approximate amount of $2.86 million. (Dkt. No. 396, ¶ 6). Philips has never contested the existence or validity of the Loan Agreement (and related loan documents) or the afore-described indebtedness of KXD Digital to KBC Bank under the Loan Agreement.

**B.     The Temporary Restraining Order, the Preliminary Injunction, the Subpoenas and the Lack of Any Enforcement Efforts by Philips**

In December 2005, Philips commenced the underlying patent infringement action against seven different defendants, including KXD Digital. (Dkt. No. 1). KBC Bank is not now and never has been a party to this litigation. (*See* Civil Case Docket for Case No. 2:05-cv-08953-R-PLA identifying KBC Bank as a "Non-Party"). On July 31, 2007, the District Court entered the Order Granting Plaintiff's Ex Parte Application For Prejudgment Bond and Asset Freeze (with any amendment thereto, the "Temporary Restraining Order"). (Dkt. No. 304).

On September 17, 2007, the District Court issued an Order Granting Plaintiff Preliminary Injunction Pursuant to the Terms of the Amended Order Re: Prejudgment Bond and Asset Freeze (the "Preliminary Injunction"). (Dkt. No. 359). However, on that same date, the District Court entered a Default Judgment against all of the defendants, which makes no mention of an asset freeze. (Dkt. No. 358). As per the January 12, 2010 decision of this Court, the Preliminary Injunction dissolved, as a matter of law, on the same date that it was issued. *U.S. Philips Corp.*, 590 F.3d 1091 (Dkt. No. 452).

Shortly after receipt of the Temporary Restraining Order, KBC Bank received subpoenas issued by Philips' counsel seeking the production of

bank records concerning accounts maintained by the defendants with KBC Bank (the "2007 Subpoenas"). (Dkt. No. 457, Ex. 5, p. ER 98). By a letter dated September 14, 2007, KBC US produced 133 pages of documents in response to the 2007 Subpoenas. (Dkt. No. 457, Ex. 5, pp. ER 98, 106-07). These documents demonstrated to Philips (prior to the entry of the Default Judgment which did not contain an asset freeze provision, that on August 8, August 9, August 10, and August 21, 2007), KBC US had received and frozen – the banking term is to "place into suspense" – funds in the amount of $243,330.23 en route to KXD Digital. (Dkt. No. 459, Ex. B, pp. KBC US 126-33). By a letter dated October 18, 2007, KBC Singapore produced 141 pages of documents in response to the 2007 Subpoenas. (Dkt. No. 457, Ex. 5, pp. ER 98-99, 109-11). These documents demonstrated to Philips that on August 2 and August 3, 2007, funds in the aggregate amount of $1,540,790 had been deposited into the KXD Account. (Dkt. No. 459, Ex. C, p. KBC SG 81).

Despite its undisputed knowledge that KBC US and KBC Singapore had frozen the above-described funds during the fall of 2007, *Philips has never taken any action - by service of a writ of execution or notice of levy on the office or branch where the funds were located - to enforce its judgment in connection with these funds.*

**C.** **KBC Bank's Motion to Modify, Philips' Motion for Reconsideration and This Court's Initial Ruling**

In the letter from its counsel dated October 18, 2007, KBC Bank: (i) stated that, pursuant to its contractual and common law right of set off, it was entitled to apply the funds received by KBC Singapore and KBC US to reduce KXD Digital's indebtedness under the Loan Agreement; and (ii) requested, as a precaution, Philips' consent to seek modification of the Preliminary Injunction to recognize KBC Bank's right of set off. (Dkt. No. 457, Ex. 5, pp. ER 109-11).

After not getting any meaningful response from Philips over the course of several months and because Philips' counsel insisted that the asset freeze set forth in the Preliminary Injunction was still in effect (even though the District Court had entered final judgment in the case), KBC Bank took the cautious and prudent step of seeking relief from the District Court. On or about March 31, 2008, KBC Bank filed its Motion to Modify Asset Freeze Order ("Motion to Modify"). (Dkt. No. 384). After the Motion to Modify was fully briefed and a hearing was conducted on April 28, 2008, the District Court granted the relief sought by KBC Bank (Dkt. No. 417) and formalized its ruling in the May 8, 2008 Order Re: KBC Bank's Motion to Modify Asset Freeze Order (the "Modification Order") (Dkt. No. 422). Philips' subsequent Motion to Reconsider was denied by the District Court. (Dkt. Nos. 439 and 440).

- 8 -

By a Notice of Appeal filed on August 6, 2008, Philips appealed the District Court's rulings on the Motion to Modify and Motion to Reconsider to the this Court. (Dkt. No. 441). On January 12, 2010, this Court issued a decision holding that, despite Philips' arguments to the contrary, the Preliminary Injunction expired on the same date that it was issued – September 17, 2007 (Dkt. No. 452):

> Here, Philips was awarded a default judgment against all defendants in the underlying action on September 17, 2007. The preliminary injunction against the KXD Defendants dissolved at that time. For that reason, it seems to us incorrect to entertain argument about whether the district court's subsequent modification order was permissible. At the time the district court entered that order, there was no preliminary injunction to be modified.
>
> *U.S. Philips Corp.*, 590 F.3d at 1094.
>
> * * * *
>
> The question whether Philips has a right as a judgment creditor that is superior to rights of the KBC Bank to funds that originated from the KXD Defendants cannot be resolved until factual disputes are resolved at an evidentiary hearing. That evidentiary hearing must arise *in the course of a proceeding brought by the parties to adjudicate explicitly their claims to the funds. Such a proceeding is not now before us.*
>
> Because the temporary restraining order and preliminary injunction dissolved when the default judgment issued, the district court's subsequent modification order is void *ab initio* and we vacate it. We remand on an open record for further proceedings not inconsistent with this opinion.

*Id.* at 1095 (Dkt. No. 452) (emphasis added). Since this ruling, the parties have not brought a proceeding "to adjudicate explicitly their claims to the funds."

**D. Philips' Contempt Motion and This Court's Second Ruling**

On March 25, 2010, Philips filed a motion for contempt before the District Court ("Motion for Contempt"), which sought to hold KBC Bank in contempt based on its receipt of fund transfers between August 1, 2007 and September 17, 2007. (Dkt. No. 456). After the Motion for Contempt was fully briefed and a hearing was conducted on May 3, 2010, the District Court denied Philips' motion finding that the Temporary Restraining Order "imposed no obligation on KBC Bank or any other financial institution to restrain from receiving funds or placing a freeze on those funds." (Dkt. Nos. 462, 463 and 466). While KBC Bank had not sought any affirmative relief in responding to Philips' unsuccessful contempt motion, the District Court reiterated that KBC Bank's right of set off is superior to any rights that Philips' may have as a judgment creditor. (Dkt. No. 466).

By a Notice of Appeal filed on May 29, 2010, Philips appealed the District Court's denial of the Motion for Contempt to this Court. (Dkt. No. 464). By a decision issued on January 13, 2012 (the "2012 Opinion"), this Court affirmed the District Court's denial of the Motion for Contempt. *U.S. Philips Corp. v. KBC Bank, N.V.*, 2012 WL 112264, at *1 (9th Cir. Jan 13,

2012) (Dkt. No. 472) ("The district court did not abuse its discretion in finding that KBC Bank was not in contempt of its prior order."). The Court, however, vacated the portion of the District Court's ruling which reiterated that KBC Bank had superior rights in the subject funds. *Id.* at *2 (Dkt. No. 472). While the Court did not question the District Court's ultimate finding, it asserted that the District Court should not have reached such a conclusion without first conducting an evidentiary hearing. *Id.* (Dkt. No. 472).[2] The Court then "vacate[d] and remand[ed] for further proceedings consistent with this disposition." *Id.* (Dkt. No. 472). At this juncture, however, KBC Bank was not seeking any affirmative relief from the District Court and the District Court's denial of Philips' motion for contempt had been affirmed. Thus, there was no context or pending case within which to conduct an evidentiary hearing.

---

[2] Philips' Petition makes the unsubstantiated argument that by remanding the case to the District Court on two separate occasions, this Court has somehow rejected KBC Bank's contractual and common law right of set off with respect to the subject funds. KBC Bank submits that no such ruling has been made by this Court. In the 2010 Opinion, this Court held that since the Motion to Modify was void *ab initio*, there was no need to even consider KBC Bank's right of set-off (or any claim to the funds by Philips). And, in the 2012 Opinion, this Court simply held that the District Court should not have reiterated that KBC Bank had superior rights in the subject funds without first conducting an evidentiary hearing.

**E.    Subsequent Developments Before the District Court and KBC Bank's Motion to Discontinue Based on Lack of Subject Matter Jurisdiction**

Prior to its lack of subject matter being raised, the District Court conducted a hearing on this Court's mandate, directed that any discovery be served on "non-party KBC Bank by March 5, 2012," and scheduled an evidentiary hearing for May 22, 2012. Even though the District Court made clear that KBC Bank was a "non-party" for discovery purposes, Philips served Interrogatories under Rule 33, Document Requests under Rule 34, and Requests to Admit under Rule 36 of the Federal Rules of Civil Procedure. It was patently impermissible to serve such discovery requests on a non-party, like KBC Bank.[3] After the expiration of the March 5th deadline for the service of discovery, Philips' counsel served a Subpoena to Produce Documents on KBC Bank.

On March 8, 2012, counsel for KBC Bank and Philips met and conferred to discuss KBC Bank's then-anticipated motion concerning the District Court's lack of subject matter jurisdiction (as well as the improper nature of Philips' discovery requests). During the conference, the undersigned counsel explained that, in light of the facts and rulings outlined above, it was KBC Bank's position that there was no justiciable case or controversy currently

---

[3] *See* Fed. R. Civ. P. 33 and *Ward v. Empire Vision Centers, Inc.*, 262 F.R.D. 256 (W.D.N.Y. 2009); Fed. R. Civ. P. 34 and *Veira v. Woodford*, 258 F. App'x 924 (9th Cir. 2007); Fed. R. Civ. P. 36 and *Gardias v. San Jose State Univer.*, 2007 WL 2900357 (N.D. Cal. Oct. 3, 2007).

pending before the District Court. (Dkt. No. 480-8). After the meet and confer, Philips' articulated its position by a letter from its counsel dated March 14, 2012. In the letter, Philips' counsel asserted that, notwithstanding the 2010 Opinion nullifying said motion, the case or controversy that still existed and required an evidentiary hearing was KBC Bank's Motion to Modify. (Dkt. No. 480-9) ("the contest between Philips and KBC over entitlement to the wrongfully transferred funds – *a contest initiated by KBC Bank's motion to retain these funds* – is still pending before the District Court.") (emphasis added). While KBC Bank did not believe that the Motion to Modify was pending, for the sake of clarity, it filed a Notice of Withdrawal pursuant to the District Court's Local Rule 7-16. (Dkt. No. 479).

On March 13, 2012, KBC Bank filed its Motion to Discontinue the Evidentiary Hearing Scheduled for May 22, 2012 and Discovery (related thereto) (the "Motion to Discontinue") on the grounds discussed in the Argument section below (i.e., that the District Court lacked subject matter jurisdiction under Article III of the United States Constitution). The District Court ruled as follows:

> Here the Court concludes that there is no live case or controversy between the parties. KBC Bank's motion to modify the asset freeze order was rendered void *ab initio* by the Ninth Circuit on January 12, 201[0], and afterwards KBC Bank withdr[e]w the motion.

- 13 -

> Philips' motion for contempt was denied by this Court, a decision affirmed by the Ninth Circuit.
>
> As a result, no motions are currently pending between Philips and KBC Bank; therefore, no live case or controversy is present. Until Philips attempts to collect its money judgment through a proper tool, such as a writ of execution, any determination that this Court would make in the evidentiary hearing set for May 22, 2012 would be purely advisory and unnecessary . . . KBC Bank's motion to discontinue is thereby granted.

*See* Transcript of Proceedings of May 7, 2012 annexed to the Exhibits filed in support of Philips' Petition at pp. 351- 354. The District Court incorporated this ruling into an Order entered on May 11, 2012 (Dkt. No. 503) (the "Discontinuance Order"). ***Philips did not file a notice of appeal with respect to the Discontinuance Order and the time within which to do so has long expired.*** Instead, Philips filed a Petition for Writ of Mandamus Pursuant to 28 U.S.C. § 1651(a) (the "Petition").

## III. ARGUMENT

**A.    Philips' Petition Should Be Summarily Dismissed Because the District Court's Determination That It Lacks Subject Matter Jurisdiction Has Become Final and Is No Longer Subject to Appellate Review**

By the Discontinuance Order entered on May 11, 2012 (and the decision of record incorporated therein), the District Court determined that it lacked subject matter jurisdiction under Article III of the Constitution because there was no existing case or controversy between Phillips and the non-party KBC Bank. (*See* Dkt. No. 503). The Discontinuance Order was appealable as a

matter of right (*see, e.g.*, 4 C.J.S. *Appeal & Error* § 170 (2012)), but Philips did not file a notice of appeal and its time within which to do so has long expired. Under the Federal Rules, a notice of appeal must be filed within 30 days of the issuance of the judgment or order that gives rise to the appeal. Fed. R. App. P. 3(a)(1), 4(a)(1)(A). These requirements are mandatory, jurisdictional, and an absolute prerequisite to the appellate court's power to consider and appeal. *Browder v. Dir., Dep't of Corrs.*, 434 U.S. 257, 264 (1978).

Furthermore, "extraordinary writs cannot be used as substitutes for appeal." *Askew v. U.S. Dist. Ct. C. Dist. Calif.*, 527 F.2d 469, 470-71 (9th Cir. 1975); *Anderson v. McLaughlin*, 263 F.2d 723, 725 (9th Cir. 1959) ("writs may not be used as a substitute for an authorized appeal."). And, the filing of a petition seeking a writ of mandamus *does not stay* any proceedings in the federal courts. *See Louen v. Twedt*, No. CV-F-04-6556, 2006 WL 2320564, *3 (E.D. Cal. Aug. 10, 2006) ("Because mandamus petitions are only granted in exceptional circumstances, "the Federal Rules of Civil Procedure do not provide for an automatic stay of district court proceedings while a petition for writ of mandamus is pending."); *see also Ellis v. U.S. Dist. Court for W. Dist. of Washington (Tacoma)*, 360 F.3d 1022, 1023 (9th Cir. 2004). Likewise, no stay is provided by Rule 21 of the Federal Rule of Civil Procedure.

Where a district court holds that it lacks subject matter jurisdiction over a case and that decision has not been appealed, a court of appeals "must accept [such a finding] as given." *In re Knight,* 207 F.3d 1115, 1117 (9th Cir. 2000). As the Ninth Circuit noted in *Knight* "[plaintiff] did not timely appeal the district court's dismissal for lack of subject matter jurisdiction and ***cannot,*** of course, ***raise that issue now.***" *Id.* at 1116. *See also Zambrano v. Immigration & Naturalization Serv.,* 282 F.3d 1145, 1151 (9th Cir. 2002) (holding same). Finally, a petition seeking a writ under 28 U.S.C. § 1651 "does not operate to confer jurisdiction and may only be invoked in aid of jurisdiction which already exists." *Malone v. Calderon,* 165 F.3d 1234 (9th Cir. 1999).

The foregoing establishes that the District Court's determination that it lacks subject matter jurisdiction is final and not subject to review by this Court. And, without such jurisdiction, KBC Bank submits that this Court, as well as the District Court, has "no power to do anything with the case except dismiss." *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.,* 190 F.3d 963, 969 (9th Cir. 1999). Philips' Petition should thus be summarily dismissed.

**B.    If Not Summarily Dismissed, Philips' Petition Should Be Denied**

It is well settled in the Ninth Circuit that "mandamus is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes. Only exceptional circumstances amounting to a judicial usurpation of power, or a clear

abuse of discretion will justify the invocation of this ... remedy." *In re Van Dusen*, 654 F.3d 838 (9th Cir. 2011) (citations omitted). *See also In re Pacific Pictures Corp.*, 679 F.3d 1121 (9th Cir. 2012) ("A writ of mandamus is an extraordinary remedy. A party seeking the writ has the burden of showing that [his] right to the issuance of the writ is clear and indisputable.") (citations omitted); *In re Grand Jury Investig.*, 182 F.3d 668, 670 (9th Cir. 1999) ("[m]andamus is a 'drastic' remedy that generally issues only when the district court has made a clear error of law.").

If this Court does not summarily dismiss Philips' Petition for the reasons stated above, it will see that the extraordinary remedy of mandamus relief is not remotely justified in the situation presented. To begin with, the record is devoid of any "extraordinary" or "exceptional" causes or circumstances. The decision at issue was an elementary decision by the District Court that it lacked subject matter jurisdiction over a purported dispute between private litigants. Indeed, analyzing subject matter jurisdiction is an everyday occurrence in the federal district court system. In addition, since the District Court has an on-going obligation to determine whether subject matter jurisdiction exists in every case assigned to it, issuing an order which makes such a determination cannot possibly be a "judicial usurpation of power." Lastly, for the reasons discussed in Section B 1, below, the District Court's decision,

- 17 -

rendered after extensive briefing by Philips and KBC Bank, was correct (and therefore not a clear error of law or a clear abuse of discretion).

**1. The District Court Did Not Err In Granting KBC Bank's Motion To Discontinue Any Further Proceedings Concerning Funds Transferred To KBC Bank Between August 1, 2007 And September 17, 2007**

Article III of the United States Constitution grants federal courts jurisdiction to decide only actual "cases" or "controversies." *See* U.S. Const. art. III, § 2; *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128 (9th Cir. 2005) (noting that it is "an inexorable command of the United States Constitution that the federal courts confine themselves to deciding actual cases and controversies"). Even when an actual case or controversy had at one time existed, the case must be dismissed for lack of subject matter jurisdiction if it is rendered moot during the course of the litigation. *See Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983) ("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." (citing *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974)). If a district court lacks subject matter jurisdiction then the court has "no power to do anything with the case except dismiss." *Lockheed Missiles & Space Co.*, 190 F.3d at 969.

Furthermore, subject matter jurisdiction "can never be forfeited or waived" and federal courts have a continuing "independent obligation to

determine whether subject matter jurisdiction exists...." *Leeson v. Transam. Disability Income Plan*, No. 10–35380, 2012 WL 171598 (9th Cir. Jan. 23, 2012) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 126 S. Ct. 1235 (2006)); *In re Martinez*, 721 F.2d 262 (9th Cir. 1983) (Federal court is duty-bound to determine its proper jurisdiction on its own motion).

### a. Because A Justiciable Case Or Controversy No Longer Exists, The District Court Correctly Determined That It Could Not Continue To Exercise Subject Matter Jurisdiction Over These Proceedings

Based on the factual and procedural background outlined above, it was clear to the District Court that an actual case or controversy no longer existed between Philips and KBC Bank. *First*, KBC Bank is not now and has never been a party (i.e., a plaintiff or a defendant) to this patent infringement action that was closed by a judgment entered on September 17, 2007. *Second*, KBC Bank was the movant on a single motion – the Motion to Modify – which was filed on March 31, 2008 (Dkt. No. 384), granted by the District Court on April 28, 2008 (Dkt. No. 417) and formalized by an Order entered on May 8, 2008 (Dkt. No. 422). In its 2010 Opinion, this Court held that, since the preliminary injunction was dissolved on September 17, 2007, the District Court's Modification Order from April 2008 was "void *ab initio*, because at that time there was no preliminary injunction to be modified." *U.S. Philips Corp.*, 590 F.3d 1091 (Dkt. No. 452). As a result, the single motion filed in this action by

KBC Bank, was rendered null and void from the outset by this Court. *See In re James*, 940 F.2d 46 (3d Cir. 1991) (stating that where court proceedings are void *ab initio* they are considered a legal nullity).

In addition, while KBC Bank did not believe that such a step was necessary, it filed, for the sake of clarity, a Notice of Withdrawal pursuant to the District Court's Local Rule 7-16, which formally withdrew the Motion to Modify. (Dkt. No. 479). Certainly, no case or controversy can exist with respect to the Motion to Modify that was nullified by this Court's 2010 Opinion (and was formally withdrawn by the movant) or the Motion for Contempt that was fully resolved by this Court's 2012 Opinion. And, since there were no other motions or proceedings before the District Court concerning funds that were transferred to the non-party KBC Bank between August 1, 2007 and September 17, 2007, there was no longer a justiciable case or controversy in this matter.

### b. KBC Bank Submits That, Contrary To Phillips' Arguments, This Court's Rulings Did Not Create Or Extend A Case Or Controversy

The "party invoking federal jurisdiction has the burden of establishing that it has satisfied the 'case-or-controversy' requirement of Article III of the Constitution." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1036 (9th Cir. 2008). In its current Petition (and as it did before the District Court), Philips asserts that the content of the 2010 Opinion and the 2012

- 20 -

Opinion (and associated mandates) extended the subject matter jurisdiction of the District Court to an evidentiary hearing. KBC Bank disagrees and submits that there is no requirement in either opinion that the District Court conduct an evidentiary hearing. The 2010 Opinion concludes and directs as follows:

> The question whether Philips has a right as a judgment creditor that is superior to rights of the KBC Bank to funds that originated from the KXD Defendants cannot be resolved until factual disputes are resolved at an evidentiary hearing. That evidentiary hearing must arise *in the course of a proceeding brought by the parties to adjudicate explicitly their claims to the funds. Such a proceeding is not now before us.*
>
> Because the temporary restraining order and preliminary injunction dissolved when the default judgment issued, the district court's subsequent modification order is void *ab initio* and we vacate it. We remand on an open record for further proceedings not inconsistent with this opinion.

*U.S. Philips Corp.*, 590 F.3d at 1095 (Dkt. No. 453) (emphasis added). The 2012 Opinion affirmed the District Court's denial of Philips' Motion for Contempt, but then vacated that part of the District Court's decision reiterating KBC Bank's superior rights in the subject funds. As per the Court:

> However, KBC Bank claims the right not only to receive and freeze the funds; it asserts it is entitled to retain those funds as a set-off against funds owed to it by the KXD Defendants. The district court erred in finding that KBC Bank's rights are superior to Philips's, as a number of factual questions remain unanswered. Our mandate specifically instructed that whether Philips's right as a judgment creditor is superior to KBC Bank's "cannot be resolved until factual

disputes are resolved at an evidentiary hearing." *U.S. Philips Corp.*, 590 F.3d at 1095.

*U.S. Philips Corp.*, 2012 WL 112264, at *1 (Dkt. No. 472). This Court held that the District Court should not have made such a determination without first conducting an "evidentiary hearing." And, as per the 2010 Opinion, such "an evidentiary hearing must arise *in the course of a proceeding brought by the parties to adjudicate explicitly their claims to the funds*." (Dkt. No. 453) (emphasis added).

At no time since the 2010 Opinion, which nullified its prior Motion to Modify, has KBC Bank brought any proceeding to explicitly adjudicate its right to the funds. And, while Philips filed an unsuccessful motion for contempt, it has never brought any proceeding to explicitly adjudicate its claim to the funds.[4] Put simply, there are no motions or proceedings involving Philips and KBC Bank in existence at this time. And, the District Court recognized that it would have been inconsistent with this Court's edicts to conduct an evidentiary hearing in the absence of such a proceeding.

In *Hilao v. Estate of Marcos*, 95 F.3d 848 (9th Cir. 1996), this Court explained that "the proper means … to secure compliance with a money judgment is to seek a writ of execution" (id. at 854) (internal citations omitted)

---

[4] As will be discussed in section 1.3, below, it is impermissible for a party to enforce its money judgment through a contempt proceeding.

and that, under California law (made applicable by Fed. R. Civ. P. 69(a)), if a writ of execution or notice of levy is to be served on a deposit account then "service shall be made at the office or branch that has actual possession of the property levied upon or at which a deposit account levied upon is carried". Cal. Civ. Proc. § 684.110(a),(c)." *Id.* at 851 (emphasis added). Here, Philips admits (*see* Petition at pp. 24-25) the lack of any action on its part – by service of a writ of execution or notice of levy on the office or branch where the funds were located – to enforce its judgment in connection with the funds transferred to KBC Bank between August 1, 2007 and September 17, 2007. But, notwithstanding *Hilao*, Philips makes the argument that "[u]ntil the issue of who is entitled to the Disputed Funds is resolved . . . collection efforts are premature." Petition at p. 25, n.10. By making this argument, Philips has put the proverbial cart before the horse. As the District Court recognized, because Philips has never sought to enforce its judgment against funds that were transferred during 2007, any ruling favorable to Philips would be only in advisory in nature. *See* Transcript of Proceedings of May 7, 2012.

Based on the foregoing, KBC Bank respectfully submits that neither the 2010 Opinion nor the 2012 Opinion extended the subject matter jurisdiction of the District Court with respect to the funds that were transferred to the non-party KBC Bank between August 1, 2007 and September 17, 2007.

- 23 -

**c.** **Philips' Motion for Contempt has Been Terminated And, As Philips Has Previously Acknowledged, It May Not Seek To Recover Funds Through A Contempt Proceeding**

During the meet and confer process that led to the Motion to Discontinue, Philips asserted that, notwithstanding the 2010 Opinion nullifying said motion, the case or controversy that still existed and required an evidentiary hearing was KBC Bank's Motion to Modify. (Dkt. No. 480-9) ("the contest between Philips and KBC over entitlement to the wrongfully transferred funds – *a contest initiated by KBC Bank's motion to retain these funds* – is still pending before the District Court.") (emphasis added). Although it did not believe such a step was necessary, KBC Bank formally withdrew is Motion to Modify. (Dkt. No. 479). Then, in its opposition to the Motion to Discontinue (and the present Petition), Philips' changed course and argued that it was Philips' Motion for Contempt (and no longer KBC Bank's Motion to Modify) that was still pending.

In other words, even though the District Court's denial of its Motion for Contempt (Dkt. No. 456) was affirmed by this Court, the case or controversy that still exists and requires an evidentiary hearing is the alternative relief sought by Philips in that motion practice (i.e., Philips' attempt to recover the subject funds "**whether or not KBC-Bank-US and KBC Bank-Singapore are adjudged in contempt**.") (Philips' Opposition, p. 6) (emphasis in original). There is, however, simply no support for this contention in this Court's 2012

- 24 -

Opinion. *U.S. Philips Corp.*, 2012 WL 112264, at *1(Dkt. No. 472) ("The district court did not abuse its discretion in finding that ***KBC Bank was not in contempt of its prior order.***") (emphasis added). Indeed, if this Court believed that the Motion for Contempt was still pending, it certainly would not have affirmed the District Court's denial of said motion.[5]

Apart from the obvious fact that the Motion for Contempt has been concluded once and for all by this Court's ruling, Philips is not permitted to enforce its money judgment through a contempt proceeding (as it now is seeking to do through an evidentiary hearing). *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1480 (9th Cir. 1992) (citing *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1147 (9th Cir. 1983)) (Use of contempt sanction as execution tool to collect judgment is improper.). Further, Philips' current position that it may seek to recover funds of the KXD Defendants (through an evidentiary hearing held within the context of an on-going contempt preceding

---

[5] "Sanctions for civil contempt can be imposed for one or both of two distinct purposes: (1) to compel or coerce obedience to a court order; and (2) to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance." *Shuffler v. Heritage Bank*, 720 F.2d at 1147 (internal citation omitted). Here, since the District Court and this Court have already determined that KBC Bank did not disobey any court order and that KBC Bank is not in any way a contemnor, there can be no purpose to conduct any further proceedings on Philips' Motion for Contempt.

against KBC Bank) directly contradicts the statements that it made in its own Reply Brief on the Motion for Contempt:

> [Philips] is not seeking to levy on the funds held in a particular KBC Bank account in reliance upon California's Enforcement of Judgments statute (the "EJL"). It is also not seeking to enforce the money judgment that it holds against the KXD Defendants, against KBC Bank through the EJL, or through the contempt power.
>
> * * * * *
>
> "KBC Bank suggests in its Opposition that Philips is seeking to enforce its money judgment against the KXD Defendants through the contempt power, which Philips would stipulate would be improper. However, as KBC Bank is well aware, Philips is doing no such thing. It is seeking to force KBC Bank to comply with an order . . ."

(Dkt. No. 460, p. 14 and n.10). Philips should be estopped from reversing its prior position in order to suit its current objectives. *Whaley v. Belleque*, 520 F.3d 997, 1002 (9th Cir. 2008) ("Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position."). Based on the foregoing, the District Court correctly determined that there was "no live case or controversy between the parties." *See* Transcript of Proceedings of May 7, 2012.

> ## 2. Each Of The Applicable Factors Weighs Heavily Against Mandamus Relief

The Ninth Circuit has promulgated five factors to be considered in the mandamus context: (1) the party seeking the writ has no other means, such as

a direct appeal, of attaining the desired relief; (2) the petitioner will be damaged in a way not correctable on appeal; (3) the district court's order is clearly erroneous as a matter of law; (4) the order is an oft-repeated error, or manifests a persistent disregard of the federal rules; and (5) the order raises new and important problems, or issues of law of first impression. *See Bauman v. U. S. Dist. Court*, 557 F.2d at 654-55.

In its own Petition, Philips concedes that it had the option of seeking a direct appeal – but chose not to for its own convenience – through which this Court could have adequately addressed the merits of the District Court's Discontinuance Order. *See* Philips' Petition at p. 8 (explaining that Philips chose to pursue an extraordinary writ as opposed to a standard appeal because it did not want "to spend another two years obtaining a third mandate."). Given Philips' concession, the first two *Bauman* factors weigh heavily against mandamus relief. *U.S. v. Pacific Ship Repair & Fabricators, Inc.*, 979 F.2d 856, 1992 WL 337738, at \*3 (9th Cir. 1992) ("We find no authority permitting a party to challenge, by way of mandamus, *an order that could have been appealed but was not*. None of the Bauman factors justifies mandamus relief in cases such as this. In fact, the first Bauman factor listed above provides that the availability of direct appeal cuts against issuing a writ of mandamus") (emphasis added). Section B 1, above, established that the District Court's determination was

correct as a matter of law and, thus, the third and fourth factors also militate strongly against mandamus. As to the fifth *Bauman* factor, this case does not come close to raising new problems, or issues of law of first impression.

Philips argues that the *Bauman* factors are not applicable to its petition. *See* Philips' Petition at p. 10 (citing *Vizcaino v. U.S. Dist. Court of W. Dist. Of Washington*, 173 F.3d 713 (9th Cir. 1999)). The *Vizcaino* exception to the *Bauman* factors, however, only applies where a district court issues an order which directly conflicts with a prior ruling from this Court. *See Perry v. Schwarzenegger*, 602 F.3d 976 (9th Cir. 2010). Here, the District Court's determination that it lacked subject matter jurisdiction did not conflict with either of the prior rulings by this Court. As demonstrated above, this Court twice remanded the case for an "evidentiary hearing [that] must arise ***in the course of a proceeding brought by the parties to adjudicate explicitly their claims to the funds.***" (Dkt. No. 453) (emphasis added). If, as Philips argues, this Court required an evidentiary hearing no matter what the circumstances, it would have expressly ordered the District Court to conduct such a hearing (rather than just remanding for "further proceedings consistent with this disposition.") *U.S. Philips Corp.*, 2012 WL 112264, at *2 (Dkt. No. 472). It is also worth noting that despite its present insistence that an evidentiary hearing was strictly required by this Court's 2010 Opinion, Philips itself did not request an evidentiary

- 28 -

hearing in connection with its subsequent unsuccessful Motion for Contempt. *See* (Dkt. Nos. 456 and 460).

## C.    Judicial Reassignment Is Not Warranted

For the reasons stated above, KBC Bank submits that Philips' Petition should be dismissed in its entirety. If, however, the case is remanded to the District Court, Philips has failed to articulate a recognized basis upon which the case should be reassigned. "Reassignment to a new judge is only warranted where the original judge has shown a personal bias that requires recusal, or where there are 'unusual circumstances' that require reassignment, including whether the original judge will have difficulty putting aside previously expressed views, where necessary to preserve the appearance of justice, and where the potential for inefficient use of judicial resources is not out proportion to the gain in preserving the appearance of fairness." *U.S. v. Oba*, 317 F. App'x 698 (9th Cir. 2009).

## D.    Philips' Petition Grossly Misstates Certain Developments Before The District Court

Philips' Petition falsely accuses KBC Bank of being in "complete defiance of its obligations under the rules and the [District Court's] Scheduling Order"; and of "refusing to respond to Philips' discovery." Philips' Petition at p. 21-22. In fact, KBC Bank timely served its responses and objections to Philips' discovery and also filed a motion seeking a protective order concerning

Philips' improper discovery requests. (Dkt. No. 480). As a result, the District Court ruled that, based on the lack of subject matter jurisdiction, "KBC Bank, N.V. is under no obligation to respond to the discovery propounded by U.S. Philips Corporation." (Dkt. No. 503).

Philips next misleading assertion concerns a purported "default" by KBC Bank concerning "all evidentiary issues" before the District Court. Philips' Petition at p. 25. On March 13, 2012, KBC Bank filed its Motion to Discontinue the May 22 hearing on the grounds that the District Court lacked subject matter jurisdiction under Article III of the United States Constitution and the District Court granted said motion. It is absurd for Philips to now argue that KBC Bank is in "default" for not submitting a pre-hearing brief in advance of a hearing that the District Court determined it was powerless to conduct. Further, Philips fails to mention that its counsel had filed an unopposed motion asking that, in the event the Motion to Discontinue was not granted, the District Court adjourn the May 22nd hearing for thirty days. (Dkt. No. 486 at pp. 48-51).

Based on the foregoing, this Court should disregard Philips' specious request for this Court to render complete relief in favor of Philips based on the Evidentiary Brief filed by Philips in advance of the hearing that the District Court determined it was powerless to conduct.

## IV. CONCLUSION

For all of the foregoing reasons, Philips' Petition should be denied in its entirety.

DATED: September 27, 2012

REED SMITH LLP

By /s/ *James M. Andriola*
    James M. Andriola
    Attorneys for Real Party in Interest
    KBC Bank, N.V.

## STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Local Rules 21-3 and 28-2.6, Real Party in Interest KBC Bank, N.V. hereby states that it is unaware of any other cases pending before this Court that are related to this case other than *U.S. Philips Corporation v. KBC Bank, N.V.*, 590 F.3d 1091 (9th Cir. 2010) and *U.S. Philips Corporation v. KBC Bank, N.V.*, 2012 WL 112264 (9th Cir. 2012), which are discussed herein.

DATED: September 27, 2012

REED SMITH LLP

By/s/ *James M. Andriola*
    James M. Andriola
    Attorneys for Real Party in Interest
    KBC Bank, N.V.

# CERTIFICATE OF SERVICE

*In re U.S. Philips Corp. v. U.S.D.C. C.D. of CA,*
*KBC Bank, N.V., Real Party in Interest*
Ninth Circuit No. 12-71696

I, Veronica Barreto, declare:

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, California 90071. On September 27, 2011, I served the following document(s) by the method indicated below:

**REAL PARTY IN INTEREST KBC BANK, N.V.'S RESPONSE TO U.S. PHILIPS CORPORATION'S PETITION FOR WRIT OF MANDAMUS PURSUANT TO 28 U.S.C. § 1651(a)**

by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

| | |
|---|---|
| Sean A. O'Keefe<br>O'Keefe & Associates Law Corporation, P.C.<br>Suite 400<br>660 Newport Center Drive<br>Newport Beach, CA 92660 | Attorneys for Petitioner<br>*U.S. Philips Corporation* |
| Robert W. Pitts<br>Law Offices of Robert W. Pitts<br>9160 Irvine Center Drive<br>Irvine, CA 92618 | Attorneys for Petitioner<br>*U.S. Philips Corporation* |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.  Executed on September 27, 2012, at Los Angeles, California.

/s/ Veronica Barreto
Veronica Barreto