**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 25 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: U.S. PHILIPS CORPORATION, a Delaware corporation, | No. 12-71696 |
| | D.C. No. 2:05-cv-08953-R-PLA |
| U.S. PHILIPS CORPORATION, | |
| Petitioner, | MEMORANDUM[*] |
| v. | |
| UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES, | |
| Respondent, | |
| KBC BANK N.V., | |
| Real Party in Interest. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted March 5, 2013
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: GOODWIN, WARDLAW, and GOULD, Circuit Judges.

U.S. Philips Corporation ("Philips") petitions for a writ of mandamus from the district court's May 11, 2012 order granting KBC Bank, N.V.'s Motion to Discontinue the Evidentiary Hearing on the ground that it lacked jurisdiction. We construe the petition as a notice of appeal, *see Calderon v. U.S. Dist. Court*, 137 F.3d 1420, 1422 (9th Cir. 1998), and find the appeal timely. We reverse and remand with instructions that the Clerk of the Court reassign this matter to a different district court judge.

## I

Because this is the third round of appeals in this matter, we review the procedural background in detail. Philips filed this patent infringement action in 2005 against KXD Technology and its affiliates ("KXD"). Philips was awarded treble compensatory damages in the amount of $87,765,249. On July 31, 2007, the district court found that KXD was "in the process of liquidating and concealing their assets," and issued a temporary restraining order ("TRO") freezing KXD's assets. The TRO restricted "all persons . . . in possession or control of [KXD's] assets" from

> directly or indirectly transferring . . . concealing, secreting, distributing, disposing of, shipping in any way or otherwise hiding assets and making unavailable to [Philips] . . . any funds in [KXD's]

2

possession, control or in the possession or control of others on behalf of [KXD].

On September 17, 2007, the district court entered a preliminary injunction ("PI") incorporating the terms of the TRO.  However, on the same day, the district court also entered a default judgment in Philips's favor, thereby dissolving the PI.  *See U.S. Philips Corp. v. KBC Bank N.V.* (*Philips I*), 590 F.3d 1091, 1094 (9th Cir. 2010).  KXD maintained accounts in the U.S. and Singapore branches of KBC Bank.  Between the entry of the TRO and the dissolution of the PI, KBC Bank received and then allegedly froze the transfers of funds into the accounts held by KXD.[1]

KBC Bank, although not initially a party to this action, intervened in the underlying lawsuit on March 31, 2008.  KBC Bank contended that, despite the TRO, PI, and default judgment entered in Philips's favor, KBC Bank holds superior rights to the $1.87 million as part of a contractual and equitable right to

---

[1] In the motion to show cause why KBC Bank should not be held in contempt for violating the TRO and PI, Philips requested that KBC Bank's Singapore branch pay the sum of $1,540,790.00, and that KBC Bank's U.S. branch pay the sum of $332,470.23.  Combined, these constitute the $1,873,260.23 sum that appears to be in dispute at this stage of this litigation.  However, in the prior appeals, the amount in dispute was stated as $2.6 million.  *See Philips I*, 590 F.3d at 1093. We are unable to determine the explanation for this discrepancy on this record.  On remand, the district court should determine the precise amount at issue in the course of determining which entity has superior rights to the funds.

"set off" the funds against some $2.86 million in debts independently owed to KBC Bank by KXD. Accordingly, in their Motion to Modify Asset Freeze Order, KBC Bank sought to clarify that it was permitted by the TRO and PI not only to receive the funds, but also to retain them as a set off against KXD's debts. The district court granted this motion, finding that KBC was permitted to retain the funds in order "to reduce [KXD's] indebtedness to KBC." Philips appealed.

In *Philips I*, we first clarified that KBC Bank's motion was void *ab initio* because entry of default judgment had dissolved the PI, so there was no preliminary injunction that could be modified. 590 F.3d at 1094. Given this, we vacated the district court's modification order. *Id.* at 1094-95. However, we also rejected KBC Bank's contention that the dissolution of the preliminary injunction rendered this dispute moot. Instead, we invoked our congressional authority to "remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances." *Id.* at 1095 (quoting 28 U.S.C. § 2106). We explained that "[o]ur holding d[id] not affect Philips's continuing ability to seek damages, through contempt proceedings," for violations of the temporary restraining order and preliminary injunction "that may have occurred while those orders were in effect." *Id.* at 1095 n.3. We declined to resolve the question of which party holds superior

4

rights to the funds, because whether Philips's claim as a judgment creditor was superior to KBC Bank's as a lender was a factual question, hotly disputed by the parties. *Id.* at 1095 & n.4.[2]

On remand, Philips moved for an order to show cause why KBC Bank should not be held in contempt for violating the TRO and PI, first, by receiving and freezing the funds, and second, by attempting to retain the funds as a set off against KXD's debts. The district court held that the terms of the TRO and PI did not preclude KBC Bank from receiving and then freezing the funds. The district court, without holding the evidentiary hearing as instructed by the *Philips I* panel, went on to conclude once again that KBC Bank was not in contempt when it retained the

---

[2] In *Philips I*, we identified the following issues as necessary for the district court to resolve before it could determine whether KBC Bank holds superior rights to the funds and, as a result, whether KBC Bank should be held in contempt:

> (1) when KBC Bank first had notice of the TRO, (2) whether Philips has properly executed its judgment in regard to the funds, (3) what jurisdiction the funds were transferred from, (4) what jurisdiction the funds were transferred to, (5) who transferred the funds, (6) which defendant's account received the funds, (7) the respective rights of the KXD Defendants to funds deposited in the KBC Bank accounts in question, and (8) possibly other facts we do not list here, but that the parties or the district court may view as relevant on remand.

590 F.3d at 1095 n.4.

funds, because it held legally superior rights to the funds. The district court therefore denied the contempt motion. Philips again appealed.

A different panel of our court concluded that the district court did not abuse its discretion by denying the contempt motion as to KBC's actions in receiving and freezing the funds. *U.S. Philips Corp. v. KBC Bank N.V.* (*Philips II*), 466 F. App'x 601 (9th Cir. 2012). And we explained that "if all that KBC Bank had done was to receive funds and freeze them that would have been the end of it." *Id.* at 603. However, because KBC Bank continued to maintain that it had the right to offset those funds against KXD's debts, we held that the district court erred by again, without an evidentiary hearing, finding that KBC Bank held rights to the funds superior to those of Philips. *Id.* If, in fact, Philips's rights are superior and KBC Bank retained the funds as a set-off to KDX's debts while the TRO and PI were in effect, KBC Bank would be in contempt. *Id.* Pursuant to the power set forth in 28 U.S.C. § 2106, we again vacated and remanded with instructions that the district court hold an evidentiary hearing on the question of whether Philips's or KBC Bank's rights to the funds are superior. *Id.*

Although the district court scheduled the necessary evidentiary hearing as instructed, it later granted KBC Bank's motion to vacate the evidentiary hearing, reasoning that: (1) its motion to modify was void *ab initio* and then formally

6

withdrawn; (2) Philips's motion for contempt was fully resolved in KBC Bank's favor by the *Philips II* panel; and (3) there were no longer any pending motions or proceedings brought by either party in this action. Agreeing with KBC Bank, the district court concluded there was no longer a case or controversy to resolve, and dismissed the case by granting the motion to discontinue on May 11, 2012. Philips filed a petition for writ of mandamus pursuant to 28 U.S.C. § 1651(a) on May 30, 2012.

## II

Mandamus is not available to Philips because Philips could have obtained review of the district court's order through direct appeal. *Calderon*, 137 F.3d at 1422. However, our precedent permits us to construe petitions for writs of mandamus as notices of appeal under circumstances such as those here. *See id.* (explaining that mandamus petition filed within time allowed for filing notice of appeal may be construed as a notice of appeal); *see also Clorox Co. v. U.S. Dist. Court*, 779 F.2d 517, 520 (9th Cir. 1985) (construing a mandamus petition as a notice of appeal where it was "prudent and wise"); *Diamond v. U.S. Dist. Court*, 661 F.2d 1198, 1198 (9th Cir. 1981); *In re Roberts Farms, Inc.*, 652 F.2d 793, 795 (9th Cir. 1981). This is consistent with the general rule that courts should liberally

7

construe the requirements for a notice of appeal under Rule 3 of the Federal Rules of Appellate Procedure. *Smith v. Barry*, 502 U.S. 244, 247-49 (1992).

We therefore construe Philips's petition for writ of mandamus as a timely notice of appeal. First, Philips filed its writ of mandamus within the 30-day limit for filing a notice of appeal provided for by Rule 4 of the Federal Rules of Appellate Procedure.[3] Second, the intransigence of the district court in refusing to comply with our prior mandates has required Philips to bring three separate appeals to obtain relief from the district court's initial, and premature, determination that KBC held rights superior to Philips. It is also important that district courts comply with our instructions upon remand, and we are empowered to ensure that they do. *See Vizcaino v. U.S. Dist. Court*, 173 F.3d 713, 719 (9th Cir. 1999). Finally, there is an open question as to whether KBC Bank violated the district court's TRO and PI when it either attempted to retain, or actually retained the disputed funds, and whether it acted in contempt of those orders. Thus, we conclude that the interests of justice dictate that we construe Philips's petition as a timely notice of appeal.

### III

---

[3] The district court dismissed the case by granting KBC Bank's motion to discontinue on May 11, 2012. Philips filed its mandamus petition on May 30, 2012.

The district court erred when it concluded that it lacked jurisdiction to resolve the dispute between Philips and KBC Bank. First, jurisdiction over this matter has been proper since KBC Bank first intervened in this dispute in 2008. The district court originally had jurisdiction over the matter because a dispute existed between the parties and KBC Bank willingly intervened by filing its motion to modify the asset freeze order. Philips properly appealed the district court's final order granting KBC Bank's motion, and the *Philips I* panel had jurisdiction to vacate and remand under 28 U.S.C. § 1291. On remand, Philips properly filed its motion for an order to show cause why KBC Bank should not be held in contempt. A district court "has the power to adjudge in civil contempt any person who willfully disobeys a specific and definite order of the court." *Gifford v. Heckler*, 741 F.2d 263, 265 (9th Cir. 1984); *see also Hilao v. Estate of Marcos*, 103 F.3d 762, 764 (9th Cir. 1996) (holding that post-judgment contempt orders are final and appealable orders). Accordingly, jurisdiction over the matter at this stage was proper. *See Gifford*, 741 F.2d at 265. Philips properly appealed the district court's final order denying its motion. The *Philips II* panel affirmed in part, vacated in part, and remanded on the basis that the district court had failed to properly resolve whether KBC Bank was in contempt when it attempted to retain, or retained, the disputed funds.

9

Upon remand, the district court misapprehended the *Philips II* decision and mandate. *Philips II* confirmed that the district court was within its discretion to find that KBC Bank was not in violation of the TRO and PI when it chose to receive and freeze the funds. However, *Philips II* did not fully resolve Philips's contempt motion. 466 F. App'x. at 602. Instead, *Philips II* explicitly left open the question of whether KBC Bank was in contempt when it attempted to retain the funds. *Id.* at 603. If KBC Bank's rights to the transferred funds are not superior to those of Philips, then retaining those funds violated the TRO and PI, which prohibited KBC Bank from "making unavailable to [Philips] . . . any funds" covered by the injunction. *Id.* As we have now stated three times, it is not possible to determine whether KBC Bank's attempt to retain the funds was an act in contempt of the TRO and PI without making certain factual findings as to

> (1) when KBC Bank first had notice of the TRO, (2) whether Philips has properly executed its judgment in regard to the funds, (3) what jurisdiction the funds were transferred from, (4) what jurisdiction the funds were transferred to, (5) who transferred the funds, (6) which defendant's account received the funds, (7) the respective rights of the KXD Defendants to funds deposited in the KBC Bank accounts in question, and (8) possibly other facts we do not list here, but that the parties or the district court may view as relevant on remand.

*Philips I*, 590 F.3d at 1095 n.4. Accordingly, *Philips II* did not fully resolve the contempt motion because it could not do so without the necessary evidentiary

hearing. Given that the contempt motion remains unresolved, a live controversy exists between the parties for Article III purposes. *See Hilao*, 103 F.3d at 767 (affirming a district court's finding of contempt). As on remand after the *Philips I* decision, the district court has jurisdiction over Philips's motion for an order to show cause why KBC Bank should not be held in contempt. *See Gifford*, 741 F.2d at 265.

## IV

We remand this matter for a third time so that Philips's motion for an order to show cause why KBC Bank should not be held in contempt can be fully resolved. On remand, we instruct the Clerk of the Court to reassign this matter to a different district court judge. We make two inquiries when deciding whether a case falls into one of the "rare occasions" in which we reassign a case on remand. *United States v. Sears, Roebuck & Co.,* 785 F.2d 777, 780 (9th Cir. 1986) (per curiam). "First, we ask whether the district court has exhibited personal bias requiring recusal from a case." *United Nat'l Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1118 (9th Cir. 2001). Second, we look to whether "unusual circumstances" warrant reassignment. *Id.* These circumstances focus on three factors, only one of which must be present to support reassignment:

11

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

*Id.* at 1118-19.

We conclude that reassignment of this matter to a different judge is warranted. The district judge has shown substantial difficulty in putting out of his mind his previously expressed views. We also conclude that the appearance of justice in this case must be preserved through the mechanism of reassignment. *See In re Ellis*, 356 F.3d 1198, 1211 (9th Cir. 2004) (en banc). Accordingly, we instruct the Clerk of the District Court for the Central District of California to reassign this case to a different district court judge upon remand.

**VACATED and REMANDED** with instructions.